August 3, 2016

Molly C. Dwyer, Clerk of the Court
United States Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103
(via electronic filing through the Court's ECF system)

Re: *Safari Club International v. Harris*, No. 16-15255

**Letter Brief of *Amici Curiae* The Humane Society of the United States and The Fund for Animals**

Dear Ms. Dwyer,

Pursuant to Rule 29 of the Federal Rules of Appellate Procedure and Circuit Advisory Committee Note to Rule 29-1,[1] The Humane Society of the United States and The Fund for Animals hereby respectfully submit this letter brief in support of Appellees, Kamala Harris and Charlton Bonham, in the above referenced matter.

Pursuant to Rule 29(a), *amici* sought the consent of all parties for the filing of this letter. Appellant indicated that it does not oppose the filing of a letter. Appellees indicated that they consent to the filing. The corporate disclosure statement and additional certifications required by Rules 26.1, 29(c), and 32(a)(7) are found at the end of this filing.

_____

[1] The Advisory Committee Note to Rule 29-1 encourages *amici* to file a letter in lieu of a brief when seeking to join the factual statement and arguments of a party.

1

A. Interests of *Amici Curiae*

*Amici* The Humane Society of the United States ("The HSUS") and The Fund for Animals ("The Fund") were integral to the passage of Proposition 117, the mountain lion protection law at issue in this case. They also helped to defeat efforts to repeal the law in 1996. The HSUS and The Fund have spent considerable time, financial resources, and institutional goodwill promoting wildlife protection policy in California, including policy relating to the protection of mountain lions. The disposition of this case may significantly impact *Amici's* organizational interests, and the interests of their members, in preventing animal cruelty and promoting wildlife conservation. In order to protect their resource-backed efforts and interests in the state regulation at issue in this case, The HSUS and The Fund participated as *amici curiae* in the district court proceedings below, including by filing a brief in support of Appellees' motion to dismiss this case (Dkt. 43).

B. Proposition 117 Does Not Violate the Dormant Commerce Clause

In 1990, California voters enacted Proposition 117, a comprehensive law that declares mountain lions a protected species and prohibits taking, injuring, possessing, transporting, importing, or selling any mountain lion or any part thereof (hereinafter referred to as the "Mountain Lion Law"). Now, more than 25 years after the law was enacted, a national trophy hunting organization has come forward to challenge the law's prohibition on importing mountain lion trophies into the State. Appellant appears to believe that the State has no legitimate interest in prohibiting the import of the trophy of an animal killed outside the State. As noted in *Amici's* brief filed in the district court (Dkt. 43), and in Appellees' brief filed in this appeal, such an argument has no factual or legal merit.

The touchstone of every Commerce Clause analysis—even under the test articulated in *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 143 (1970)—is whether a state law *discriminates against* interstate commerce. *National Association of Optometrists & Opticians v. Harris* ("*NAOO*"), 682 F.3d 1144, 1147-50 (9th Cir. 2012). As this Court recognized in *NAOO*, "[m]ost regulations that run afoul of the dormant Commerce Clause do so because of discrimination," and the "small number" of rulings in which non-discriminatory state laws have been struck down under the Commerce Clause "generally result from inconsistent regulation of activities that are inherently national or require a uniform system of regulation." *Id.* at 1148. Indeed, "the Supreme Court [has] recognized that a number of its cases purporting to apply the *Pike* undue burden balancing test really turned on the discriminatory character of the challenged regulations." *Id.* at 1150, *citing Gen. Motors Corp. v. Tracy,* 519 U.S. 278, 298 n. 12 (1997). California's Mountain Lion Law does not discriminate against interstate commerce—it does not regulate extraterritorial behavior and is an even-handed regulation that does not place any incidental burdens on interstate commerce that are any different than the burdens placed on intrastate commerce, or that are clearly excessive in relation to putative state interests.

In its principal brief, Appellant argues that that the Court should "weigh [California's Mountain Lion Law] more heavily" than other state laws on grounds that it "impose[s] greater burdens outside the state" than it does within the State. Appellant Br. at 25-26 (*citing Pac. Nw. Venison Producers v. Smitch,* 20 F.3d 1008, 1015 (9th Cir. 1994)). But just because the Mountain Lion Law prohibits an item legally obtained in another state from entering the State of California does not mean that it imposes a greater burden outside of the State. The Mountain Lion Law treats all mountain lion trophies exactly the same, regardless of their point of origin, and regardless of whether a California resident or an out-of-state entity is

seeking to import or possess or sell the trophy within the State. Indeed, this Court made clear in *Pac. Nw. Venison Producers* that a state law that "simply effectuates a complete ban on commerce in certain items" is not unconstitutional, as long as it "does not make distinctions based on the origin of the items." *Id.* at 1011, 1015; *see also Association des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 948 (9th Cir. 2013) (rejecting dormant Commerce Clause challenge to California law banning the sale of foie gras—a food product resulting from force-feeding of ducks and geese to fatten their livers—because the impact of the law did not depend on "*where* the items were produced, but rather *how* they were produced." (emphasis in original)).

While the disadvantages imposed on California hunters who want to hunt mountain lions in other states may be objectionable to Appellant, the First Amended Complaint ("FAC") simply does not identify any impacts that are constitutionally objectionable under the Commerce Clause. Appellant's claim fails, in the first instance and as a matter of law, because Appellant focuses on the purported impact to individual actors engaged in interstate activities rather than harm to the overall interstate market. *See* FAC at ¶ 18. But the Commerce Clause does not protect individual actors engaged in interstate commerce; rather, it "protects the interstate market, not particular interstate firms, from prohibitive or burdensome regulations." *Exxon Corp. v. Governor of Md.*, 437 U.S. 117, 127-28 (1978); *see also Cavel Int'l, Inc. v. Madigan*, 500 F. 3d 551, 557-58 (7th Cir. 2007) (dismissing a Commerce Clause claim against a state ban on import and sale of horsemeat, where plaintiff—the sole operating horse slaughter facility in the country—failed to allege "what percentage of the horse meat consumed by Europeans it supplies and thus whether its being closed down is likely to have a big effect on the price of horse meat in Europe"). Because Safari Club fails to plausibly allege a substantial burden on the interstate market for mountain lion

hunting, its Commerce Clause claim fails under the *Pike* test, and there is no need for a reviewing court to examine the putative benefits of the challenged law. *NAOO*, 682 F.3d at 1155.

Perhaps recognizing that it has only alleged incidental burdens on interstate commerce that do not rise to the level of discrimination, Appellant seems desperate to cast the Mountain Lion Law as having *zero* local benefit so as to suggest that *any* burden on interstate commercial activity is "clearly excessive" to California's state interests. Appellant absurdly argues that the State of California has no legitimate animal welfare interest in prohibiting the import and possession or sale of the heads and hides of mountain lions caught outside of the State. *See* Appellant Br. at 38-46.[2] This is simply incorrect as a matter of fact and well-settled law. Courts have long-recognized states' legitimate interests in preventing harm to animals as a reflection of public mores and an exercise of the state police power,[3]

---

[2] Appellant claims that the "for" and "against" arguments contained in the official Ballot Pamphlet published to voters by the California Secretary of State—which include an argument that mountain lion hunting is "cruel and unnecessary"—are not useful as legislative history. Appellant Br. at 19, 41. However, Appellant offers no apposite authority for this proposition, and Appellant has not specifically appealed the district court's decision to take judicial notice of the Ballot Pamphlet on grounds that it does constitute legislative history. It's also not the least bit ironic that Appellant waited nearly a quarter century before challenging the Mountain Lion Law and is now hoping to convince the Court that a purported lack of clarity as to voter intent should somehow work in its favor when considering the legitimacy of the State's interest in the regulation.

[3] California has a long history of prohibiting local trade in, and use of, animal parts and products that violate the state's ethical norms. *See* CAL. HEALTH & SAFETY CODE § 25982 (prohibiting the sale of products made from force-feeding birds); CAL. PENAL CODE § 598a (prohibiting the sale of dog and cat pelts); *id.* § 598b (prohibiting the sale of the meat of any animal commonly kept as a household pet); *id.* § 598d (prohibiting the sale of horse meat); *id.* §653o (prohibiting the import and sale of any part or product of nearly two dozen species of wild animals, including polar bears, leopards, whales, elephants and kangaroos).

even when many (or even all) of those animals live outside the state. *See*, *e.g.*, *Chinatown Neighborhood Ass'n v. Harris* 794 F.3d 1136, 1147 (9th Cir. 2015), *certiorari denied*, 578 U.S. --- at *6 (May 23, 2016), *available at* https://www.supremecourt.gov/orders/courtorders/052316zor_d18e.pdf (affirming dismissal of a Commerce Clause challenge to a California law banning the possession and sale of shark fins, over Plaintiffs' objections that existing prohibitions on the practice of finning sharks in state and federal waters meant that the ban on sale and possession of fins was only intended to protect sharks living outside the State's borders); *Ass'n des Éleveurs de Canards et D'Oies du Québec*, 729 F.3d at 952 (9th Cir. 2013) (rejecting Commerce Clause claim against a California law that serves the legitimate state purposes of "discourag[ing] the consumption of products produced by force-feeding birds and prevent[ing] complicity in a practice that [California] deemed cruel to animals."); *Pac. Northwest Venison Producers*, 20 F.3d at 1015 (upholding state regulations prohibiting importation and possession of certain foreign "deleterious exotic wildlife" as an exercise of state authority to conserve natural resources); *Cresenzi Bird Importers*, 658 F. Supp. 1441, 1447 (S.D.N.Y. 1987), *aff'd* 831 F.2d 410 (2d Cir. 1987) (upholding a New York ban on the import and sale of wild birds, based on the state's ethical objection to the manner in which those birds are treated during capture and transport outside the state prior to import); *Viva! Intern. Voice For Animals v. Adidas Promotional Retail Operations, Inc.*, 41 Cal.4th 929, 952, 162 P.3d 569, 583 (Cal., 2007) (upholding California's ban on import of kangaroo pelts and products, based on the state's desire to protect the species from harm, even though kangaroos are not found in California and were recently taken off of the list of species protected by the federal Endangered Species Act). And, never could a reflection of the ethical norms of the citizenry be more evident than when

citizens promulgate animal protection policy directly by their votes at the ballot box.

The district court was correct in dismissing Appellant's dormant Commerce Clause claim. Appellant has not presented a case of discrimination against any interstate market relating to mountain lion hunting—if a burden on interstate commerce that was so substantial as to render the California law unconstitutional under *Pike* was truly effectuated by the law, rather than causing mere incidental impacts to a few individuals who want to kill mountain lions and bring the trophies into California, there would not be much of a market to complain about protecting from the California law a full 25 years after it was enacted. Appellant is merely attempting to use the courts to re-engage the public policy debate as to the wisdom of the Mountain Lion Law, and this Court should reject that misdirected effort.

Respectfully submitted,

Dated: August 3, 2016

/s/ Peter A. Brandt
PETER A. BRANDT (CA Bar No. 241287)
pbrandt@humanesociety.org
RALPH E. HENRY (DC Bar No. 982586)
rhenry@humanesociety.org
2100 L Street, NW
Washington, DC 20037
Telephone: 240-388-5023
Facsimile: 202-676-2357
*Attorneys for The Humane Society of the United States and The Fund for Animals*

## Rule 26.1 Corporate Disclosure Statement

The Humane Society of the United States and The Fund for Animals are both nonprofit corporations organized and operating under § 501(c)(3) of the Internal Revenue Code.  Neither The Humane Society of the United States nor The Fund for Animals has any parent corporation and neither issues any stock, so no publicly held corporation controls or owns any stock in either of the *Amici* nonprofit corporations.

## Rule 29(c)(5) Statement

No person or entity other than *amici*—including any party to this litigation or its counsel—authored any portion of this letter brief or funded the preparation or submission of this letter brief.

## Rule 32(a)(7) Certificate

I hereby certify that this letter brief does not exceed the page limitations or type-volume limitations for briefs filed by *amici curiae*.  The letter brief is proportionally spaced, has a typeface of 14 points, and contains no greater than 1,850 words.

Dated: August 3, 2016                                    /s/ Peter A. Brandt

<u>Certificate of Service</u>

I hereby certify that on August 3, 2016 the foregoing Letter Brief of *Amici Curiae* The Humane Society of the United States and The Fund for Animals was filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the CM/ECF System, which will send a notice of the filing to all CM/ECF registrants, including counsel for all parties in this appeal.

Dated: August 3, 2016                                                    <u>/s/ Peter A. Brandt</u>